J-S20033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERONE ANDRE MOORE | : | |
| | : | |
| Appellant | : | No. 820 MDA 2017 |

Appeal from the Judgment of Sentence April 10, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003215-2015

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED AUGUST 10, 2018**

Appellant, Jerone Andre Moore, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his jury trial convictions of attempted murder and kidnapping.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant and Victim met on October 3, 2014.  Appellant took Victim to a party on the evening of October 4, 2014, at the home of Chloe Isaacs, Appellant's friend.  Following the party, Appellant and Victim returned to Victim's apartment, where they engaged in consensual sexual intercourse.  In the early morning hours of October 5, 2014, Ms. Isaacs and another party guest, Emily Evelock, went to Victim's apartment, looking for a stolen iPhone.  Ms. Isaacs,

---

[1] 18 Pa.C.S.A. §§ 901 and 2901(a)(3), respectively.

Ms. Evelock, and Appellant forced Victim into Ms. Isaacs' car, and they drove back to Ms. Isaacs' apartment.

Ms. Isaacs, Ms. Evelock, and two other female party guests stripped Victim and placed her inside a plastic garbage bag. They beat Victim and stubbed out cigarettes on her face. Appellant and Nygee Taylor then transported Victim from Ms. Isaacs' kitchen into the attic and stuffed Victim inside a garbage barrel. After about four hours, Appellant, Mr. Taylor, and Darnell Evans placed Victim inside the trunk of Ms. Isaacs' car, and drove to the woods.

Appellant and Mr. Taylor led Victim, from behind, into the woods. Appellant tried to cut Victim with a razor blade, but Victim blocked it with her hand. Next, using Mr. Evans' knife, Appellant slashed Victim's neck. Victim played dead. Once her attackers were gone from the scene, she sought aid at a nearby house.

Appellant's jury trial began on February 21, 2017. Ms. Isaacs testified, over a defense objection, that Mr. Taylor had criticized Appellant for going into a store after the crime with Victim's blood still on his hands. The court additionally admitted into evidence a text message sent from Appellant's phone to his girlfriend on October 6, 2014, one day after the incident. The message read, "A lot of shit went down bae n its bad I need to leave [sic]." On February 24, 2017, the jury convicted Appellant of attempted murder and kidnapping.

Following Appellant's conviction, the court ordered a presentence investigation ("PSI") report. On April 6, 2017, the Commonwealth filed a motion to amend the PSI report to increase Appellant's prior record score from three to five, based on Appellant's prior conviction of manslaughter in New York[2] and to apply the deadly weapon enhancement.

On April 10, 2017, the court sentenced Appellant to an aggregate term of twenty-six (26) to sixty (60) years' incarceration. Appellant filed a timely post-sentence motion on April 13, 2017, which the court denied on May 9, 2017. On May 16, 2017, Appellant timely filed a notice of appeal. The court ordered Appellant on May 18, 2017, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on June 5, 2017.

Appellant raises six issues for our review:

> (1) WHETHER THE TRIAL COURT ERRED BY ADMITTING CHLOE ISSACS' HEARSAY TESTIMONY UNDER THE CO-CONSPIRATOR EXCEPTION TO THE HEARSAY RULE, PA.R.E. 803(25)(E)?
>
> (2) WHETHER THE TRIAL COUT ERRED WHEN IT DETERMINED THAT [APPELLANT]'S PREVIOUS NEW YORK STATE CONVICTION WAS EQUIVALENT TO PENNSYLVANIA'S THIRD DEGREE MURDER STATUTE THEREBY MAKING [APPELLANT]'S PRIOR RECORD SCORE 5 INSTEAD OF 3?
>
> (3) WHETHER THE TRIAL COURT ERRED BY ADMITTING TEXT MESSAGES INTO EVIDENCE WHEN THE COMMONWEALTH DID NOT AUTHENTICATE THE TEXT

---

[2] N.Y. Penal Law § 125.20.

MESSAGES AS BEING SENT BY [APPELLANT] UNDER PA.R.E. 901?

(4) WHETHER THE JURY'S DETERMINATION THAT THE VICTIM SUFFERED SERIOUS BODILY INJURY WAS SUPPORTED BY INSUFFICIENT EVIDENCE SINCE NO MEDICAL EXPERT TESTIFIED, NO TREATING PHYSICIAN TESTIFIED, …VICTIM'S INJURIES WERE NOT LIFE THREATENING, AND THERE WAS NO EVIDENCE TO PROVE THAT…VICTIM'S SCAR WAS PERMANENT?

(5) WHETHER THE JURY'S DETERMINATION THAT…VICTIM SUFFERED A SERIOUS BODILY INJURY WAS AGAINST THE WEIGHT OF THE EVIDENCE SINCE NO MEDICAL EXPERT TESTIFIED, NO TREATING PHYSICIAN TESTIFIED, …VICTIM'S INJURIES WERE NOT LIFE THREATENING, AND THERE WAS NO EVIDENCE TO PROVE THAT…VICTIM'S SCAR WAS PERMANENT?

(6) WHETHER THE SENTENCING STRUCTURE IN 18 PA.C.S.A. § 1102(C) IS UNCONSTITUTIONAL UNDER *APPRENDI V. NEW JERSEY*, 530 U.S. 466[, 120 S.CT. 2348, 147 L.ED.2D 435] (2000) AND WHETHER THE TRIAL COURT IMPERMISSIBLY PERFORMED A LEGISLATIVE FUNCTION BY ADDING THE SERIOUS BODILY INJURY QUESTION TO THE VERDICT SLIP IN AN ATTEMPT TO REMEDY THE UNCONSTITIONALITY OF 18 PA.C.S.A. § 1102(C)?

(Appellant's Brief at 7-8).[3]

Preliminarily, "to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005)

---

[3] Issues reordered for purposes of disposition.

(quoting **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). Instantly, Appellant did not raise his third appellate issue, which challenges the admission of a text message into evidence, in his Rule 1925(b) statement. Consequently, Appellant's third issue is waived. **See id.**

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable David W. Lupas, we conclude Appellant's issues one and two merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed November 27, 2017, at 3-5, 12-14) (finding: **(1)** preponderance of evidence convinced court there was conspiracy between Appellant and declarant, Mr. Taylor, for purposes of admitting evidence, when Commonwealth offered Ms. Isaacs' testimony regarding Mr. Taylor's statement; additionally, Mr. Taylor made declarations during conspiracy, in course of concealing evidence, and in furtherance of common design of evading capture; Ms. Isaacs' testimony about Mr. Taylor's statement met co-conspirator exception to hearsay rule; **(2)** court allowed amendment of Appellant's prior record score to include Appellant's New York conviction for first-degree manslaughter because New York's first-degree manslaughter offense is sufficiently similar to Pennsylvania's third-degree murder offense). Accordingly, as to Appellant's first and second issues, we affirm based on the trial court opinion.

In his fourth and fifth issues combined, Appellant argues the

- 5 -

Commonwealth presented insufficient evidence for a jury to find Victim sustained a serious bodily injury. Appellant contends the verdict that Victim was in substantial risk of death shocks one's sense of justice and is against the weight of the evidence. Appellant avers no medical expert or treating physician testified, Victim's injuries were not life threatening, and there was no evidence to prove Victim's neck scar was permanent. Appellant concludes this Court should grant him a new trial or vacate his sentence. We disagree.

The following principles apply to challenges to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Our standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

> Under the Crimes Code, "[a] person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of the crime." 18 Pa.C.S.A. § 901(a). A person may be convicted of attempted murder if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act. *See* 18 Pa.C.S.A. §§ 901, 2502. The substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before the actual commission of the crime. The *mens rea* required for first-degree murder, specific intent to kill, may be established solely from circumstantial evidence. [T]he law permits the fact finder to infer that one intends the natural and probable consequences of his acts.

*Commonwealth v. Jackson*, 955 A.2d 441, 444 (Pa.Super. 2008), *appeal denied*, 600 Pa. 760, 967 A.2d 958 (2009) (most internal citations and

quotation marks omitted).

The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. *See also Commonwealth v. Reid*, 867 A.2d 1280, 1284 (Pa.Super. 2005), *appeal denied*, 586 Pa. 725, 890 A.2d 1058 (2005) (noting slashed throat constituted serious bodily injury).

Instantly, Appellant and company took Victim into the woods; Appellant slashed Victim's neck and scalp with a knife and left her to die. Appellant's slashing of Victim's neck and leaving the scene created a substantial risk of Victim's death. *See* 18 Pa.C.S.A. § 2301; *Reid, supra*. Therefore, the Commonwealth presented sufficient evidence to sustain the jury's finding of serious bodily injury. *See Jones, supra*. Additionally, the jury's finding of serious bodily injury did not shock the court's conscience. Thus, the court properly denied Appellant's weight of the evidence claim. *See Champney, supra*.

In his sixth issue, Appellant argues the Commonwealth did not notify Appellant of its intent to prove serious bodily injury, a fact that increases the statutory maximum penalty for a crime and must be proved beyond a reasonable doubt, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Appellant submits serious bodily injury is a sentence enhancer that the legislature and Section 1102(c) do not allow a trial

court to present to a jury. Appellant analogizes to ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa.Super. 2014), *appeal denied*, 633 Pa. 749, 124 A.3d 309 (2015), which declared Sections 9712 and 9713 unconstitutional under ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), because each statute required proof at sentencing of a fact that could increase the mandatory minimum sentence. Appellant avers Section 1102 intended a judge to decide serious bodily injury at sentencing, even though the statute does not contain a-proof-at-sentencing subsection. Appellant maintains the court impermissibly performed a legislative function when it allowed the verdict slip to include serious bodily injury. Appellant concludes this Court should vacate his judgment of sentence and remand for resentencing in accordance with the twenty (20) year statutory maximum for attempted murder without serious bodily injury. We disagree.

A challenge to the legality of a sentence is a question of law. ***Commonwealth v. Barnes***, 167 A.3d 110, 116 (Pa.Super. 2017) (*en banc*). Thus, our standard of review is *de novo* and our scope of review is plenary. ***Id.***

The sentence for attempted murder is as follows:

> **§ 1102. Sentence for murder, murder of unborn child and murder of law enforcement officer**
>
>   \*   \*   \*
>
> **(c) Attempt, solicitation and conspiracy.—** Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted

of attempt, solicitation or conspiracy to commit murder, murder of an unborn child or murder of a law enforcement officer **where serious bodily injury results** may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102(c) (emphasis added).

The Commonwealth must give a defendant notice that it seeks to prove serious bodily injury in order for the 40-year maximum sentence for attempted murder to apply. *Barnes, supra*. "Serious bodily injury is a fact that must be proven before a maximum sentence of [40] years may be imposed for attempted homicide." *Id.* at 117. *See also Commonwealth v. Johnson*, 910 A.2d 60 (Pa.Super. 2006), *appeal denied*, 592 Pa. 766, 923 A.2d 1173 (2007) (stating jury has sole responsibility to find beyond reasonable doubt whether serious bodily injury resulted from attempted murder).

Instantly, the Commonwealth filed an amended criminal information on February 10, 2017, which stated:

**AMENDED INFORMATION**

**COUNT 1** – Criminal Attempt to Murder of the 1st Degree – 18 Pa.C.S.A. [§] 901(a) – 18 [Pa.]C.S.A. [§] 2502(a) – (Homicide 1)

[Appellant] committed an attempt when, with intent to commit the crime of Murder of the 1st Degree, 18 Pa.C.S.A. [§] 2502(a), [Appellant] did an act which constituted a substantial step toward the commission of the aforesaid crime causing serious bodily injury to [Victim] with a knife.

(Amended Criminal Information, filed February 10, 2017, at 1). Before

deliberation, the court instructed the jury as follows:

> **THE COURT:** [Appellant] has been charged with attempted murder. To find [Appellant] guilty of this offense, you must find that the following three elements have been proven beyond a reasonable doubt.
>
> First, that [Appellant] did a certain act. And in this case, it's alleged he cut someone with a knife.
>
> Second, that at the time of this alleged act, [Appellant] had the specific intent to kill [Victim]; that is, he had a fully formed intent to kill and he was conscious of his own intentions.
>
> And third, that the act constituted a substantial step toward the commission of the killing [Appellant] intended to bring about.
>
>          \*     \*     \*
>
> If you are satisfied that the three elements of attempted murder have been proven beyond a reasonable doubt, you should find [Appellant] guilty; otherwise, you must find [Appellant] not guilty of this crime.
>
> You will see later when I give you the verdict slip, you'll be asked to consider something else. If, and only if you should find [Appellant] guilty of attempted murder beyond a reasonable doubt. If and only if you find [Appellant] guilty of the attempted murder of [Victim], you must answer the following question: Do you, the jury, find beyond a reasonable doubt that [Appellant's] attempt to commit murder caused serious bodily injury to [Victim]?
>
> Let me define for you what serious bodily injury is. Serious bodily injury is bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.

(N.T., 2/24/17, at 662-64). The jury completed the verdict slip as follows:

**<u>VERDICT SLIP</u>**

- 11 -

AND NOW, this 24th day of February, 2017, we the jury…find [Appellant], as follows:

## CRIMINAL ATTEMPT TO COMMIT MURDER OF THE FIRST DEGREE

On the charge of criminal attempt to commit murder of the first degree, we find [Appellant]:

GUILTY                    _____X_____

NOT GUILTY                _____

If and only if you find [Appellant] guilty of the Attempted Murder of [Victim] answer the following question: Do you the Jury find beyond a reasonable doubt that [Appellant's] attempt to commit murder caused Serious Bodily Injury to [Victim]?

YES                       _____X_____

NO                        _____

(Verdict Slip, February 24, 2017, at 1).

The record demonstrates the Commonwealth gave adequate notice to Appellant of its intent to prove serious bodily injury in the amended criminal information. **See Barnes, supra**. Additionally, the court properly instructed the jury on the elements of serious bodily injury, and the jury found beyond a reasonable doubt that Appellant's attempted murder caused serious bodily injury to Victim. **See id.**; **Johnson, supra**. Therefore, the court's imposition of the 40-year maximum sentence did not violate **Apprendi**. Accordingly, we affirm the judgment of sentence.

- 12 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2018

11TH JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    :   IN THE COURT OF COMMON PLEAS
                                       :        OF LUZERNE COUNTY
                                       :

              v.                       :

                                      :     <u>CRIMINAL DIVISION</u>

JERONE MOORE                        :
                                         :

           Defendant / Appellant    :

                                         :        NO. 3215 of 2015
                                       :

## <u>OPINION</u>

BY:   THE HONORABLE DAVID W. LUPAS

I.    **<u>FACTS AND PROCEDURAL HISTORY</u>:**

On November 12, 2015, the Luzerne County District Attorney filed a ten (10) count Information docketed to number 3215 of 2015 charging the above named Defendant with Attempt Criminal Homicide, 18 Pa.C.S.A. §901, Criminal Conspiracy, 18 Pa.C.S.A. §903(a)(1), Aggravated Assault, 10 Pa C.S.A. §2702(a)(1); Kidnapping, 18 Pa. C.S.A. §2901(a)(3) and other related offenses.[1] Subsequent to a jury trial commencing on February 21, 2017, the Defendant was found guilty of Count One (1) Criminal Attempt to Commit Homicide and Count Four (4) Kidnapping.[2] A Pre-Sentence Investigation was ordered to be completed by the Luzerne County Adult Probation and Parole Department, and a sentencing date was scheduled.

On April 6, 2017 the Commonwealth filed a Motion seeking to amend the pre-sentence investigation report taking issue with the Defendant's prior record score and

---

[1] The Commonwealth subsequently filed two Amended Informations on September 22, 2016 and February 10, 2017.
[2] The Commonwealth withdrew Counts two (2) and three (3) at the conclusion of the evidentiary portion of the trial. . (N.T. p. 586) See also (N.T. p. 639-640)

1

seeking the application of the deadly weapon sentencing enhancement citing 204 Pa. Code § 303.10(a)(2)(iii). The Commonwealth asserted that the Defendant's actual prior record score was five (5) and the Pre-Sentence Investigation report which represented the Defendant's prior record score at three (3) was erroneous. The Defendant, through his counsel, filed a brief in opposition to the Commonwealth's Motion on April 7, 2017. Defendant sought a sentence relying on the prior record of three (3); a statutory maximum limit of twenty (20) years for count one (1) and no application of the deadly weapon sentencing enhancement. Arguments were entertained at the sentencing hearing and after careful consideration of the parties' briefs, the arguments of counsel and relevant legal authority, we ruled on the issues finding that the deadly weapon enhancement did apply to count one (1); that the statutory maximum for count one (1) was forty (40) years of incarceration and that the Defendant's prior record score was five (5)[3]. (N.T. Sentencing p. 17-18).

A sentencing hearing commenced on April 10, 2017, when the Defendant was sentenced on Count 1 to a term of imprisonment in a state correctional institution of not less than twenty (20) years to no more than forty (40) years. On Count 4, the Defendant was sentenced to a term of imprisonment of six (6) years to twenty (20) years to run consecutive to the sentence on Count 1. (Sentencing N.T. page 27) The Defendant was subsequently advised by this Court of his post-sentence rights before the hearing concluded. (Sentencing N.T. pages 29-30)

---

[3] Counsel for the Commonwealth with appropriate candor conceded that the deadly weapon sentencing enhancement did not apply to count four (4) kidnapping and therefore we considered that request to have been withdrawn. (N.T. Sentencing p. 12)

2

On April 13, 2017, the Defendant, through his counsel, filed Post Sentence Motions. By Order dated May 9, 2017 we denied Defendant's Post-Sentence Motions. On May 16, 2017, the Defendant filed a Notice of Appeal. This Court ordered, on May 18, 2017, that the Defendant file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and requested the Commonwealth to respond thereto. The Defendant's Rule 1925(b) Statement was submitted on June 5, 2017, and the Commonwealth's response, following an Order granting an extension of time within which to file a response, was filed on June 26, 2017. For the reasons set forth below, we believe the Defendant's allegations of error are without merit and, therefore, the verdict and judgment of sentence should be affirmed.

## II.   **LAW AND DISCUSSION**:

Counsel raises eleven (11) issues on appeal as outlined in the Defendant's Concise Statement of Matters Complained of on Appeal. Some of the allegations of error are factually and legally related. Therefore, we will discuss some of the alleged errors under one subsection.

### A. **Evidentiary Issues**

The Defendant alleges that we erred in allowing Chloe Issacs to testify to a statement made by Nygee Taylor, a co-defendant. Over a Defense Objection, the witness testified that Nygee Taylor admonished the Defendant for apparently having entered a retail store soon after the attempted killing with the victim's blood on his hands and his currency. (N.T. p. 286) Counsel for the Commonwealth proffered that the statement was made in furtherance of the conspiracy and we overruled Defendant's objection.

3

It is well settled that the admission of evidence is within the sound discretion of the trial court and determinations of admissibility will not be reversed on appeal absent a clear abuse of discretion. Commonwealth v. Chmiel, 738 A.2d 406, 414 (1999) cert. denied. 528 US 1131 (2000). An abuse of discretion is not merely an error of judgment. Commonwealth v. Allburn, 721 A.2d 363, 366 (Pa. Super 1998) An abuse of discretion occurs where the record demonstrates that "the court, in reaching a conclusion, overrides or misapplies the law, or exercises its judgment in a manifestly unreasonable manner which is the result of partiality, prejudice, bias or ill will." Id.

In the present case the statement of Nygee Taylor is plainly hearsay. Our analysis does not end there however because counsel for the Commonwealth asserted that a hearsay exception, particularly, the co-conspirator hearsay exception pursuant to Pa. R. Evid. 803(25)(e), authorized the admission of the statement.

Pennsylvania Rule of Evidence 802 provides that, "Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa R.E. 802. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. Commonwealth v. Laich, 566 Pa. 19, 25, 777 A.2d 1057, 1060 (2001) citing Commonwealth v. Puksar, 559 Pa. 358, 740 A.2d 219, 225 (1999), cert. denied, 531 U.S. 829, 121 S.Ct. 79, 148 L.Ed.2d 42 (2000).

We note that the party seeking to offer hearsay bears the burden of proof and must persuade the court that the hearsay statement is admissible against the party opponent. Harris v. Toys "R" Us-Penn, Inc., 880 A.2d 1270, Super.2005, appeal denied 895 A.2d 1262, 586 Pa. 770. The co-conspirator exception to the hearsay rule requires:

4

(1) the existence of a conspiracy between the declarant and the defendant must be demonstrated by a preponderance of the evidence, (2) the statements must be shown to have been made during the course of the conspiracy, and (3) they must have been made in furtherance of the common design." Commonwealth v. Johnson, 838 A.2d 663, 576 Pa. 23, Sup.2003, reargument denied, certiorari denied 125 S.Ct. 617, 543 U.S. 1008, 160 L.Ed.2d 471. See also Pa. R. E. 803(25)(E).

At the time the statement at issue was offered, we were convinced by a preponderance of the evidence that there was a conspiracy between the Defendant and the declarant, Nygee Taylor. Additionally, we found that the declarations were made during the conspiracy and that they were made in the course of concealing evidence and in furtherance of the common design of evading capture. See Commonwealth v. Coccioletti, 493 Pa. 103, 113, 425 A.2d 387, 392 (1981). See also Commonwealth v. Cull, 656 A.2d 476 (Pa. 1995) and Commonwealth v. Haag, 562 A.2d 289 (Pa. 1989)[4]. Accordingly, we remain persuaded that the admission of the hearsay statement was authorized by both the Pennsylvania Rules of Evidence and relevant case law.[5]

The Defendant next complains that we erred in denying his motion for a mistrial. (N.T. p. 332)

---

[4] We found the facts of the present controversy analogous to Commonwealth v. Haag, 562 A.2d 289 (Pa. 1989). In Haag, a co-defendant asked a third party to destroy cash register receipts for items used in the commission of the crime. It was then held that this statement was a continuation of the original conspiracy and the attempt to conceal the evidence was in furtherance of the conspiracy. Id. We likewise found that Nygee Taylor's statement which in essence directed the Defendant to conceal evidence of the crime, in this case bloody hands, was also made during the conspiracy and with the goal of avoiding detection thus furthering the conspiracy.

[5] We note that the hearsay statement likewise did not offend the Confrontation Clause of the United States Constitution because the statement was non-testimonial. See. Crawford v. Washington, 541 U.S. 36 (2004); See also Commonwealth v. Holton, 906 A.2d 1246 (Pa. Super. 2006)

5

This issue is waived. The Defendant's counsel did not object at the time the complained of inquiry was made in response to his cross examination questioning. (N.T. p. 323-324) Instead, defense counsel continued to cross examine the witness and only at the conclusion of the witness's testimony did counsel raise the objection. (N.T. p. 326) In order to preserve an issue for appeal a timely and specific objection must be made. Commonwealth v. Tucker, 143 A.3d 955, (Pa. Super. 2016) See also: Commonwealth v. Boring, 453 Pa Super. 600, 684 A.2d 561 (Pa. 1990) (Holding that a motion for a mistrial made subsequent to a sustained objection was untimely when deferred until the conclusion of the witness testimony a considerable length of time after the prejudicial remark occurred) In the present case, like Tucker, counsel failed to make his objection until after the completion of both direct and cross examination. Accordingly, his objection is untimely and this issue is waived.

Defendant next alleges we erred in precluding reference to Nygee Taylor's guilty plea. (N.T. p. 333-336) We disagree. During the course of the trial in this matter, the Commonwealth made an oral motion in limine to preclude the admission of any evidence relative to the co-defendant Nygee Taylor's guilty plea. Following argument outside the presence of the jury, we granted Commonwealth's Motion in Limine to exclude evidence of Nygee Taylor's guilty plea finding the proffered evidence was irrelevant. (N.T. p. Id.)

It has been held by our Pennsylvania Supreme Court that "it is well settled that the admission of evidence is within the sound discretion of the Trial Court." Commonwealth v. Collins, 888 A.2d 564, 577 (Pa. 2005). Additionally, determinations of admissibility will not be reversed on appeal absent a clear abuse of discretion.

6

Commonwealth v. Chmiel, 738 A.2d 406, 414 (1999) cert. denied. 528 US 1131 (2000). A trial court's ruling on a motion in limine is "final, conclusive and binding at trial," unless the Commonwealth files an interlocutory appeal. Commonwealth v. Padilla, 923 A.2d 1189, (Pa. Super. 2007). The standard of review for a trial court's ruling on motions in limine is abuse of discretion. Commonwealth v. Rosen, 42 A.3d 988 (Pa. 2012) An abuse of discretion is not shown merely by an error in judgment. Rather, the Defendant must establish, by appropriate reference to the record, that the sentencing judge ignored or misapplied the law, exercised his judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision. Commonwealth v. Zurburg, 937 A.2d 1131 (Pa. Super. 2007).

Rule 401 of the Pennsylvania Rules of Evidence states, "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. Also, Rule 403 states, "Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Pa.R.E. 403.

We further note that although a defendant does indeed have a fundamental right to present defensive evidence, that right is not absolute. Such evidence is admissible provided that it is relevant and not excluded by an established evidentiary rule." Commonwealth v. Seibert, 2002 PA Super 15, 799 A.2d 54, 67 (Pa. Super. 2002) (internal quotation marks and citation omitted). See also Chambers v. Mississippi, 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). Our Pennsylvania Supreme Court

7

has observed that an accused exercising his or her right to present evidence "must comply with established rules of procedure and evidence...." Commonwealth v. Bracero, 515 Pa. 355, 363, 528 A.2d 936, 939 (1987) (quoting Chambers, 410 U.S. at 302).

In the present case, the Defendant was barred from presenting the jury with evidence of the co-defendant's guilty plea and sentence because that evidence was simply not relevant to any of the issues before the jury. Evidence is not relevant "unless the inference sought to be raised by it bears upon a matter in issue and renders the desired inference more probable than it would be without the evidence." Commonwealth v. Vallejo, 532 Pa. 558, 616 A.2d 974, 976 (Pa. 1992). The evidence proffered here, a co-defendant's guilty plea, was represented by defendant's counsel to be relevant to establish that Defendant was not guilty because the co-defendant had admitted guilt. (N.T. p. 334) One co-defendant's guilt does not create the inference of another's innocence in a case like the instant one where it was alleged that the Defendant and his co-defendant conspired to kill and did attempt to kill another human being. Nygee Taylor's guilty plea had no bearing on the issues being tried against Defendant. The proposed testimony/evidence was irrelevant. However, even if the evidence was deemed relevant, its probative value was clearly outweighed by the danger of unfair prejudice to the Commonwealth and confusion of the issues for the jury. Accordingly, Defendant's allegation of error is without merit.

Defendant next alleges that we erred admitting a text message represented to be evidence of consciousness of guilt. We disagree.

8

We incorporate by reference our prior recitation of the relevant case law and statutory authority regarding the admission of relevant evidence. We further note that we did not instruct the jury on consciousness of guilt. The statement at issue was retrieved from what was represented to be the Defendant's cellular telephone. (N.T. p. 484-489) The item represented to be the Defendant's phone was admitted into evidence without objection. (N.T. p 484) Defense counsel's subsequently made two objections regarding the statement, "A lot of shit went down bae n its bad I need to leave." (N.T. p. 484-487) Defendant's first objection was as follows:

Mr. Lampman: "Judge, I'm going to object to that based upon the fact that neither I nor the commonwealth know who this message is being sent to and what the context of the conversation is. I understand the Commonwealth is saying that it was sent from my client's phone to someone; but again, I think context here matters." (N.T. p. 484)

Ms. Sperazza: Your honor, the best way that Trooper Urban can contextualize it is to say that it was sent on this time on this day. If he wants to argue the context of the admission, he can do that; but that doesn't keep it from coming in.

Mr. Lampman: Judge, I just – I'm not sure it's admissible. I don't know how---

Ms. Sperrazza: It was on his phone that was legally obtained in the search.

Mr. Lampman: I'm not saying—I agree that he consented to having his phone searched, but I don't think it's an admission.

Ms. Phillips: It is.

Ms. Sperrazza: A lot of shit went down bae n its bad I need to leave. It consciousness of guilt.

Mr. Lampman: No, I don't think it is. And he could be talking about something else. (N.T. p. 484-485)

Subsequently the court allowed the Commonwealth to proceed to admit the proffered evidence. (N.T. p. 485) We note that the offense date for the Defendant's charges as alleged in the Criminal Information was October 5, 2014. The text message

9

at issue which the parties concede was sent from a telephone belonging to the Defendant was sent on October 6th 2014. (N.T. p. 489). We allowed the evidence because we found the evidence to be relevant. Defense counsel's objection was that the context of the message was not better developed. We overruled his objection because demonstrating the context of an admission is not a prerequisite to admissibility. The proponent offering the evidence need only persuade the court that the evidence is relevant. Flight soon after a crime is relevant and may indicate consciousness of guilt. Commonwealth v. Bruce, 717 A.2d 1033, 1037-38 (Pa. Super 1998). We determined that the evidence was relevant and allowed the evidence to be presented. If there was an alternative context which could have explained away the inference the Commonwealth sought to create counsel was free to pursue that.

Defense counsel's second objection to this line of questioning took issue with the witness' testimony that the Defendant was the source of the message. (N.T. p. 487) Defendant's allegation of error in his concise statement does address this objection so we decline to analyze the issue or write in support of our ruling.

Defendant next alleges we erred "in limiting Mr. Moore's confrontation rights concerning Trooper Urban's investigation reports." We disagree.

Defendant's counsel sought to introduce the statements of third parties through his questioning of a trooper with the Pennsylvania State Police who authored several reports in the course of his investigation. Following the arguments of counsel at sidebar, we concluded that the purported evidence was hearsay without exception and consequently we deemed the evidence inadmissible. (N.T. p. 542) Pennsylvania Rule of Evidence 802 provides that, "Hearsay is not admissible except as provided by these

10

rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa R.E. 802. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. Commonwealth v. Laich, 566 Pa. 19, 25, 777 A.2d 1057, 1060 (2001) citing Commonwealth v. Puksar, 559 Pa. 358, 740 A.2d 219, 225 (1999), cert. denied, 531 U.S. 829, 121 S.Ct. 79, 148 L.Ed.2d 42 (2000).

Testimonial statements of third parties made to law enforcement officers are hearsay and the officer memorializing the statement into a written report is not itself a hearsay exception. Commonwealth v. May, 898 A.2d 559 (Pa. 2006). The Defendant, who as the proponent offering the hearsay evidence bears the burden of proof, offered no exception to the prohibition against hearsay in response to the Commonwealth's objection. See Harris v. Toys "R" Us-Penn, Inc., 880 A.2d 1270, Super.2005, appeal denied 895 A.2d 1262, 586 Pa. 770. We further find no indication that the Defendant's confrontation rights were implicated or offended by our ruling. Counsel was free to call the witnesses whose testimony he sought to introduce. This issue is without merit and Defendant's appeal fails.

Defendant next alleges the court abused its discretion by overruling Defendant's objection to his witness, the co-defendant Nygee Taylor invoking his Fifth Amendment privilege outside the presence of the jury. This allegation of error is meritless. An abuse of discretion is not shown merely by an error in judgment. Rather, the Defendant must establish, by appropriate reference to the record, that the sentencing judge ignored or misapplied the law, exercised his judgment for reasons of partiality, prejudice, bias, or ill-will, or arrived at a manifestly unreasonable decision. Commonwealth v. Zurburg, 937 A.2d 1131 (Pa. Super. 2007).

11

There is no mandatory procedure for invoking privilege though our Honorable Superior Court has indicated it is acceptable to conduct an in camera review outside the presence of the jury. Commonwealth v. Treat, 848 A.2d 147 (Pa. Super. 2004) See also Commonwealth v. Rodgers, 472 Pa. 435, 372 A.2d 771 (1997). We brought the witness before the court outside the presence of the jury and following a hearing we determined that the witness both invoked Fifth Amendment privilege and that he was entitled to invoke that privilege.[6] (N.T. p. 579-582) See also Mitchell v. United States, 526 U.S. 314 (1999). Because the jury may not intuit any inference from the purported witness's testimony, no legitimate purpose would be served by his invoking privilege in their presence. Thus, the hearing was conducted outside the presence of the jury because the testimony and argument on the issue was not relevant to any issue before the jury.

## B. Sentencing Issues

Defendant's concise statement raises a series of sentencing issues which we will analyze collectively. In sum the Defendant alleges that we erred by applying an erroneous prior record score; erred in applying the deadly weapon sentencing enhancement; sentenced the Defendant in excess of the statutory maximum sentence; erred by placing the issue of serious bodily injury on the verdict slip; and abused our discretion in sentencing the Defendant. We find each of these allegations to be meritless.

---

[6] Defendant's counsel conceded that his purported witness, Mr. Nygee Taylor could invoke Fifth Amendment privilege. (N.T. p. 559-560) We presided over the guilty plea for the witness Nygee Taylor and after the conduct of a hearing and a careful review of the entire record in this matter we independently determined that Mr. Taylor was entitled to invoke privilege.

12

Noting that we are constrained to use the deadly weapon sentencing enhancement where the facts warrant its application, we found that the deadly weapon enhancement did apply to count one (1) because it was abundantly clear that a knife was used to inflict the injury upon the victim in the case. See Commonwealth v. Septak, 518 A.2d 1284 (1986) (N.T. p. 199-201)

The Defendant's complaint relative to his prior record score also fails. The sentencing court must consider the sentencing guidelines. 42 Pa. C.S.A. §9721(b); 204 Pa. Code 303.1(a). Judge Donahue writing for the court in Commonwealth v. Spenny succinctly presented the sentencing guideline calculation as follows: "To determine the guidelines for each conviction, the trial court must establish the offense gravity score and, of relevance to this appeal, the defendant's prior record score. 204 Pa Code § 303.2(a) The prior record score is based on the number and type of prior convictions the defendant has on his or her criminal record. 204 Pa. Code § 303.4(a). Each prior conviction is given a point value ranging between one and four points. See generally 204 Pa. Code §§ 303.7, 303.15. Sections 303.7 and 303.15 set forth a point value for every Pennsylvania criminal offense." Commonwealth v. Spenny, 128 A.2d 234, (Pa. Super 2015).

The pre-sentence investigation report, hereinafter, PSI, represented that the Defendant's prior record score was three (3). The Commonwealth's Motion to amend the PSI which argued that Defendant's prior record score was five (5) included exhibits marked "a", "b" and "c" which respectively identified the Defendant's relevant criminal history evidencing a conviction for "manslaughter in the 1st with intent to cause serious physical injury," New York State's statute defining manslaughter in the first degree and

13

New York State's statute governing periods of incarceration for various grades of felonies. (Commonwealth's brief April 6, 2017).

In Commonwealth v. Bolden, the Honorable Superior Court set forth the method for calculating prior record score points for convictions outside Pennsylvania. Commonwealth v. Bolden, 532 A.2d 1172, (Pa Super 1987). Bolden requires a careful and independent analysis of the elements of the out of state conviction. Id. The next part of the analysis is to then compare the elements of the foreign conviction to an equivalent Pennsylvania offense. Id. Section 303.8(f) of the Pennsylvania Code codifies the rule set forth in Bolden. 204 Pa. Code 303.8(f). Exhibit "b" attached to the Commonwealth's motion to amend the PSI included a copy of New York State's statute for first degree manslaughter which read as follows: A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury, he causes the death of such person or of a third person. Exhibit "b" Commonwealth's motion to amend PSI.

Defendant's counsel argued that the New York conviction was equivalent to involuntary manslaughter. (N.T. Sentencing p. 8) We considered the parties' briefs and arguments and we concluded that the Defendant's New York conviction was equivalent to Pennsylvania's third degree murder statute. Pursuant to 204 Pa. Code § 303.15, third degree murder, 18 Pa. C.S.A §2502(c), warrants that four (4) prior record score points be assessed to the Defendant. Accordingly, Defendant's appeal fails.

Defendant also alleges that the evidence was insufficient and that the verdict is against the weight of the evidence. Insofar as Defendant's concise statement references the arguments made in his Post Sentence motion which was filed on April 13, 2017, we are able to identify with sufficient specificity the issue he intends to raise, particularly, that

14

the jury's determination that the victim suffered serious bodily injury was based upon insufficient evidence. Having presided over the trial in this matter, we conclude that the evidence presented was more than sufficient to enable the jury to determine that the victim sustained a serious bodily injury.

When reviewing a sufficiency of the evidence claim, a court examines all evidence and reasonable inferences there from in a light most favorable to the verdict winner, and then determines where the evidence is sufficient to enable a fact finder to determine that all elements of the offenses were established beyond a reasonable doubt. Commonwealth v. Hawkins, 549 Pa. 352, 701 A.2d 492, 499 (Pa. 1997).

Only where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the law of nature, is it deemed insufficient as a matter of law. Commonwealth v. Robinson, 817 A.2d. 1153, 1158 (Pa.Super. 2003 quoting Commonwealth v. Santana, 460 Pa. 482, 333 A.2d 876 (1975)). The evidence must be viewed in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and all reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. Commonwealth v. Scatena, 508 Pa. 512, 498 A.2d 1314, 1317 (1985). After a careful review of the record, and having intently presided over the presentation of the evidence, we find no reason to doubt the jury's verdict.

Complaints that a verdict is against the weight of the evidence concede that there is sufficient evidence to sustain the verdict. Commonwealth v. Widmer, 744 A.2d 745 (Pa. 2000) citing Commonwealth v. Whiteman, 485 A.2d 459 (1984). The weight of the

15

evidence is a question for the finder of fact. Commonwealth v. Jackson, 485 A.2d 1102, 1104 (1984). An appellate court "can only reverse the lower courts verdict if it is so contrary to the evidence as to shock one's sense of justice." Commonwealth v. Whitney, 512 A.2d 1152 (Pa. 1986). Defendant's post sentence motion filed on April 13, 2017 properly submitted the issue to our discretion. Pa. R. Crim. 607 See also Commonwealth v. Widmer, 698 A.2d 211 (Pa. 1997). We denied Defendant's motion because the verdict did not shock our sense of justice. After a careful review of the entire record in this matter, our opinion has not changed. Accordingly, Defendant's motion fails.

We also therefore found that the appropriate statutory maximum penalty for count one (1) was forty (40) years pursuant to 18 Pa. C.S. §1102(c) and 18 Pa. C.S. §2301 which defines serious bodily injury. We instructed the jury as to what constitutes serious bodily injury. (N.T. p. 664) The verdict slip in this case specifically asked the jury if they found beyond a reasonable doubt that the victim sustained a serious bodily injury and they unanimously responded in the affirmative. The victim in this case testified that the Defendant cut her hand and her throat (N.T. 199-201) Consequently, we did not hesitate to sentence the Defendant to a maximum of forty (40) years of incarceration on count one (1) pursuant to 18 Pa. C.S. §1102(c).

Nor is the Defendant's sentence illegal pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013) or Commonwealth v. Valentine, 101 A.3d 801 (Pa. Super. 2014) Neither of those cases stand for the proposition that 18 Pa. C.S. §1102(c) is rendered moot. The Legislature promulgated 18 Pa. C.S. §1102(c) and in the absence of authority suggesting otherwise we endeavor to give it effect. To that end, we placed the issue on

16

the verdict slip asking the jury if they found that the victim sustained a serious bodily injury beyond a reasonable doubt.

Alleyne v. United States requires that any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. Alleyne v. United States, 133 S. Ct. 2151 (2013). The Superior Court's Opinion in Valentine, reacting to the holding in Alleyne addresses 42 Pa C.S. §9712 and 42 Pa. C.S.A § 9713. These statutes are plainly distinguishable from 18 Pa. C.S. § 1102. Both of the statutes addressed in Valentine include a "proof at sentencing" requirement which directs how a court should proceed prior to imposing a mandatory minimum sentence. See 42 Pa. C.S. 9712(b) and 42 Pa. C.S. 9713(c). The section pursuant to which the Defendant was sentenced, 18 Pa. C.S. §1102, does not require proof at sentencing like the statutes in the cases cited by Defendant. Consequently, the procedure we used to determine whether the victim sustained a serious bodily injury does not offend the Constitution or the holding in Alleyne. See Commonwealth v. Johnson, 910 A.2d 60 (Pa Super 2006) Accordingly, Defendant's appeal fails.

Defendant also alleges that the court abused its discretion in sentencing him to twenty-six (26) to sixty (60) years of incarceration. Initially, we note that the sentences imposed were within the standard range of sentencing guidelines governing the above-referenced crimes, and said sentences were an appropriate exercise of the Court's discretion. Furthermore, the serious nature of the offenses and the impact of the crime on the victim were considered prior to imposition of sentence. The Defendant's actions as presented at trial are intolerable in a civilized society and a lengthy sentence is warranted.

17

The Defendant's challenge to this Court's discretion in fashioning the sentences imposed on April 10, 2017 does not present a substantial question permitting appellate review of the discretionary aspects of sentencing. Commonwealth v. McWilliams, 887 A.2d 784, 787 (Pa.Super. 2005).

The law in this Commonwealth is clear. There is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Mouzon, 571 Pa. 419, 812 A.2d 617 (2002). Rather, allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. The determination of what constitutes a substantial question is made on a case by case basis. Commonwealth v. McNabb, 819 A.2d 54 (Pa. Super. 2003). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. Commonwealth v. Boyer, 856 A.2d 149 (Pa. Super. 2004). Here, no such argument was posited by the Defendant. The Defendant's mere dissatisfaction with his sentence entitles him to no relief.

For each of the reasons outlined above, the Defendant's allegations of error are without merit. Accordingly, the verdict and judgment of sentence should be affirmed.

**END OF OPINION**

18