J-S26027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY STEPHEN DAVIS | : | |
| | : | |
| Appellant | : | No. 1570 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 3, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001460-2019

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:              **FILED:  JANUARY 6, 2023**

Ashley Stephen Davis (Appellant) appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas following his no contest plea to attempted homicide (causing serious bodily injury).[1] Contemporaneous with this appeal, Appellant's counsel, Kevin M. Taccino, Esquire (Counsel), has filed a petition to withdraw from representation and an **Anders** brief.[2]   The **Anders** brief presents a claim that challenges the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901, 2501(a).  **See also** 18 Pa.C.S. § 1102(c) (permitting maximum 40-year sentence for conviction of attempted homicide when serious bodily injury results).

[2] **See Anders v. California**, 386 U.S. 738, (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

discretionary aspects of Appellant's sentence. For the reasons below, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

The facts underlying Appellant's guilty plea were summarized at the plea hearing as follows:

> On August 3, 2019[,] in the Borough of Chambersburg, [Appellant] did stab Shawna [Day (Victim)] with a knife multiple times, slicing her neck, stabbing her in the torso, creating multiple puncture wounds which did do serious bodily injury to her and [Appellant] did all of that with the intent to kill [Victim].

N.T., 7/29/21, at 14. The trial court also stated, and the Commonwealth agreed, that "one can infer intent to kill through the use of a deadly weapon on a vital part of the body." *Id.*

Appellant was charged with attempted homicide, aggravated assault, and possession of a weapon.[3] On July 29, 2021, Appellant entered an open no contest plea to one count of attempted homicide. In exchange for his plea, the Commonwealth dismissed the remaining charges and agreed to stay silent during sentencing. *See* N.T., 7/29/21, at 2.

On November 3, 2021, the trial court held a sentencing hearing where it acknowledged the standard sentencing guideline range for Appellant's conviction was 168 to 240 months' (14 to 20 years') incarceration. During the hearing, Counsel requested a 14 to 28 year sentence, which was on the low end of the standard range. N.T., 11/3/21, at 9-10. Counsel based this request on a prior plea offer from the Commonwealth, which was rescinded

---

[3] 18 Pa.C.S. §§ 2702(a)(4) and 907(b), respectively.

- 2 -

before sentencing "through no fault" of Appellant. *Id.* at 9. After hearing statements from Victim and Appellant, and having reviewed a pre-sentence investigation (PSI) report, the court sentenced Appellant to a term of 18 to 36 years' incarceration, a sentence within the standard guideline range and below the statutory maximum sentence. Appellant did not object to the sentence imposed during the hearing, nor did he file a post-sentence motion. Appellant then filed this timely appeal and complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

When, as here, counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, *supra*, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting **Santiago***, 978 A.2d at 361.

In the present case, the brief and petition to withdraw submitted by Counsel substantially comply with the requirements of **Anders** and **Santiago**. *See Cartrette*, 83 A.3d at 1032. Moreover, Counsel has provided this Court with a copy of the letter he sent to Appellant, advising him of his right to proceed *pro se* or retain private counsel, and to raise any additional claims. **See** Attorney Taccino's letter to Appellant, 5/31/22. Appellant did not file a response. Thus, we may proceed to address the substantive claim presented on appeal.

The **Anders**[4] brief identifies one potential claim for our review:

Did the trial court abuse its discretion by sentencing [Appellant] to 18 to 36 years, which was within the standard range of sentences available, after acceptance of an open plea[?]

**Anders** Brief at 8.[5]

Appellant challenges the discretionary aspects of his sentence following his open no contest plea to attempted homicide. Specifically, he argues his

---

[4] We note Counsel refers to his brief as an **Anders**/**McClendon** brief. **See Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). However, **Santiago** overruled **McClendon** in part, dictating that counsel must include an explanation of why an appellant's appeal is wholly frivolous in an **Anders** brief. **See Santiago**, 978 A.2d at 360. Thus, we refer to the brief simply as an **Anders** brief.

[5] The Commonwealth did not file a responsive brief before this Court.

sentence of 18 to 36 years' incarceration was "manifestly excessive in light of the sentencing factors within the Sentencing Code." **Anders** Brief at 12.

Preliminarily, we note:

> Generally, a plea of guilty [or no contest] amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.

**Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). Nevertheless, an appellant who enters an open plea may challenge the discretionary aspects of their sentence on appeal. **Commonwealth v. Luketic**, 162 A.3d 1149, 1159 (Pa. Super. 2017). However, they are not entitled to review of their claim as of right. **See Commonwealth v. Mulkin**, 228 A.3d 913, 916 (Pa. Super. 2020). To determine whether this Court will reach the merits of a discretionary aspects claim, we consider whether the appellant complied with the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.** (citation omitted).

Here, as noted above, Appellant did not preserve his sentencing claim in a post-sentence motion. However, Counsel indicates, in his **Anders** brief, that he preserved this claim at sentencing when he argued for the imposition of a sentence of 14 to 28 years' incarceration. **See Anders** Brief at 11.

- 5 -

Specifically, at sentencing, Counsel stated: (1) during the incident Appellant injured himself causing blood loss so severe he was "catatonic and unresponsive" in the hospital for a period of time after the attack; (2) due to this blood loss, Appellant "blacked out" during "part" of the attack; (3) Appellant did not want to "prolong [Victim's] trauma" by going to trial; (4) the Commonwealth previously offered Appellant a plea deal including a 14 to 28 year sentence, which was rescinded "through no fault of his own[;]" and (5) Appellant accepted responsibility for his actions. *See* N.T., 11/3/21, at 8-10.

On appeal, however, Appellant only argues his sentence is manifestly excessive. *Anders* Brief at 12. Counsel's request for a specific sentence of 14 to 28 years is not the equivalent of a claim that the 18 to 36 year sentence imposed was manifestly excessive. Thus, Appellant failed to preserve his sentencing challenge with the trial court, and it is waived for our review.[6]

In any event, had Appellant preserved this claim, we would still conclude he is not entitled to relief. Appellant's claim rests simply on his assertion that his sentence is manifestly excessive. *Anders* Brief at 12.

We consider the relevant standard of review:

_____

[6] We also point out that Counsel did not include a Pa.R.A.P. 2119(f) statement in his brief. Despite his assertion that the Rule 2119(f) requirement was satisfied "with the filing of [his] brief[,]" Counsel provided no support for this contention. *See Anders* Brief at 11. Nevertheless, because the Commonwealth did not object to the lack of a Rule 2119(f) statement, we may overlook this omission. *See Commonwealth v. Stewart*, 867 A.2d 589, 592 (Pa. Super. 2005) (this Court may ignore the omission of a Rule 2119(f) statement where the Commonwealth has not objected to its absence) (citation omitted).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019) (citation omitted). Further, "when imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Mulkin*, 228 A.3d at 917. We also note, this Court will vacate a sentence imposed within the sentencing guidelines only where "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

Here, the trial court extensively reviewed the record and provided a detailed and well-reasoned explanation supporting the sentence it imposed. . Thus, if we were to address Appellant's claim, we would rest on the basis of the trial court's opinion. *See* Trial Ct. Op., 1/11/22, at 9-15. (concluding the court did not abuse its discretion in fashioning Appellant's sentence where the court: (1) "carefully considered the relevant factors" before imposing sentence within the standard guideline range; (2) noted the standard range and maximum sentences were "explicitly" set forth in Appellant's signed plea agreement; (3) considered arguments from Counsel, as well as Appellant's statement; (4) considered Victim's statement about the lasting impact the

attack has had on her daily life; (5) imposed a sentence which addressed Appellant's rehabilitative needs; (6) weighed any mitigating factors against the seriousness of the offense and impact on Victim and others; and (7) imposed a sentence that reflected all the information provided at the sentencing hearing).

For the foregoing reasons, we conclude Appellant waived his discretionary aspects of sentencing claim on appeal. Furthermore, even if the claim were not waived, we would rest upon the well-reasoned opinion of the trial court.

We direct a copy of the trial court's January 11, 2022, opinion be filed along with this memorandum, and attached to any future filings of this memorandum.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judge Kunselman joins the Memorandum.

President Judge Emeritus Stevens Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2023

- 8 -

**IN THE COURT OF COMMON PLEAS OF THE 39ᵀᴴ JUDICIAL DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH**

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action – Law |
| | : | |
| | : | |
| v. | : | No. 1460-2019 |
| | : | |
| Ashley Davis, | : | |
|       Defendant | : | Honorable Angela R. Krom, J. |

## Opinion *sur* Pa.R.A.P. 1925(a)

This Court submits an Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) in response to the Notice of Appeal and Concise Statement of Matters Complained of on Appeal filed by Ashley Davis ("Defendant") on December 3, 2021, and December 27, 2021, respectively. For the reasons that follow, this Court respectfully requests that the Superior Court affirm the judgment of sentence.

## STATEMENT OF THE CASE

Defendant was charged by separate criminal informations on September 12, 2019, with one count of Criminal Attempt—Homicide,[1] one count of Aggravated Assault,[2] and one count of Possession of a Weapon,[3] based upon allegations by the Commonwealth that on August 3, 2019, Defendant stabbed Shawna Day multiple times in the torso and neck during a domestic dispute.

---

[1] 18 Pa.C.S. §901(a) to 18 Pa.C.S. §2501(a).
[2] 18 Pa.C.S. §2702(a)(4).
[3] 18 Pa.C.S. §907(b).

1

On May 19, 2021, Defendant filed a Motion for Modification of Bail and Motion for Nominal Bail; these Motions were denied after a hearing on June 15, 2021, based upon our finding that no condition or set of conditions short of incarceration would be sufficient to ensure the safety of the victim and the community.

On July 29, 2021, Defendant entered a plea of nolo contendere to one count of Criminal Attempt-Homicide, pursuant to an agreement with the Commonwealth; the plea was an open plea, and the Commonwealth agreed to remain silent at sentencing.[4] Sentencing was deferred until September 23, 2021, and the Franklin County Probation Department was directed to prepare a Pre-Sentence Investigation Report (PSI) to aid the Court in sentencing. After two continuances at Defendant's request, Defendant was ultimately sentenced on November 3, 2021, to a term of 18 to 36 years' incarceration in a state correctional institution, with credit for time served from August 4, 2019, to November 3, 2021.

On December 3, 2021, Defendant filed the instant Notice of Appeal. By Order of Court dated December 6, 2021, we directed Defendant to file a concise statement of matters complained of on appeal within twenty-one days; Defendant complied on December 27, 2021.

---

[4] Also as part of the agreement, the Commonwealth agreed to dismiss the remaining charges.

# DISCUSSION

In the Concise Statement, counsel informs the Court that he intends to file an Anders/McClendon brief in this matter.

In that regard, Pa.R.A.P. 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an Anders/McClendon brief in lieu of filing a Statement. If, upon review of the Anders/McClendon brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to 1925(a), or both. Upon remand, the trial court may, but is not required to replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

Though counsel indicated his intent to file an Anders brief, he nevertheless set forth the claim Defendant wishes to raise on appeal in the Concise Statement, as follows:

> The Defendant believes and therefore avers that the Court abused its discretion by sentencing him to 18 to 36 years in prison, as the sentence is manifestly excessive in light of the sentencing factors pursuant to the Pennsylvania Sentencing Code, 42 Pa.C.S. §9701 et seq, specifically, 42 Pa.C.S. §9721.

Concise Statement of Matters Complained of on Appeal, at ¶5a.

As counsel raised the issue in the Concise Statement, we will address it here.

3

## I.    Right to Appellate Review

Initially, we note that Defendant's claim involves the discretionary aspects of sentencing. See Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). Significantly, a defendant challenging the discretionary aspects of sentencing is not entitled to appellate review as of right. Id. Rather, the defendant must satisfy the following four-part test to invoke the Superior Court's jurisdiction:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006). We find that Defendant arguably failed to satisfy two prongs of this test.

First, under the second prong, "'issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.'" Commonwealth v. Cartrette, 83 A.3d 1030, 1042 (Pa. Super. 2013)(quoting Commonwealth v. Kittrell, 19 A.3d 532, 538 (Pa. Super. 2011)). "'Absent such efforts, an objection to a discretionary aspect of a sentence is waived.'" Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003).

In the instant case, no post-sentence motions were filed following Defendant's November 3, 2021, sentencing proceeding. Further, we have reviewed

4

the sentencing transcript and record in this case and find nothing to indicate that any objections were made during or immediately following sentencing. As such, Defendant failed to preserve this sentencing claim, and it is thus waived.

Second, it is this Court's opinion that, at least at this stage, Defendant has not established that a substantial question exists. "'A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process.'" Commonwealth v. Zurburg, 937 A.2d 1131, 1135 (Pa. Super. 2007)(*quoting* Commonwealth v. Eby, 784 A.2d 204, 205-06 (Pa. Super. 2001)).[5]

The analysis by the Superior Court of whether a particular issue forms a substantial question is made on a case-by-case basis upon a consideration of the particular appeal. Feucht, 955 A.2d at 384. As such, the Superior Court has made clear that it does not "include or exclude any entire class of issues as being or not being substantial[,]" but instead evaluates each claim based on the particulars of the defendant's statement. Id.

Therefore, our Supreme Court has held that claims of excessive sentence may, in appropriate cases, present a substantial question. Commonwealth v.

---

[5] "More specifically, the [defendant] must explain where the sentence falls in relation to the sentencing guidelines, identify what specific provision of the Code and/or what fundamental norm was violated, and explain how and why the sentencing court violated that particular provision and/or norm." Commonwealth v. Feucht, 955 A.2d 377, 384 (Pa. Super. 2008).

5

Mouzon, 812 A.2d 617, 627 (Pa. 2002). However, for that to occur, the defendant must "compl[y] with all statutory and procedural requirements regarding a challenge to the discretionary aspects of sentencing," which notably includes sufficiently "articulat[ing] in his Rule 2119(f) statement a substantial question so as to warrant appellate review[.]" Id. In that regard, our appellate courts have repeatedly held that bald allegations of excessiveness or non-specific claims of error in a concise statement do not raise a substantial question to warrant appellate review. Mouzon, 812 A.2d at 627; see also Feucht, 955 A.2d at 384.[6] Instead, a defendant "'must, at a minimum, explain specifically why he thinks his sentences were improper.'" Mouzon, 812 A.2d at 627 (quoting Commonwealth v. Saranchak, 675 A.2d 268, 277 n. 18 (Pa. 1996)).

As discussed, though we do not have Defendant's Rule 2119(f) available to us, Defendant's Concise Statement has provided little more than a bald assertion. Simply referencing the §9721(b) factors in his claim, without any effort to prove the manner in which, on the facts of the individual case, the sentence was in fact

---

[6] For instance, a flat assertion that a sentence "'flies in the face of fairness' because '[he] was given a sentence of three (3) months [incarceration] for the theft by deception of a $20.00 bottle of perfume[,]'" fails to raise a substantial question, relying on the proposition that "an argument concerning the weight that a sentencing court gives to legitimate sentencing factors…does not raise a substantial question…" See Commonwealth v. Rose, 641 A.2d 617, 618 (Pa. Super. 1994); see also Commonwealth v. Smith, 575 A.2d 150, 167 (Pa. 1990)(finding the claim that the sentence "'was so manifestly excessive as to constitute an abuse of discretion where the defendant received a sentence at the top of the aggravated range of the sentencing guidelines[.]'" did not raise a substantial question).

excessive, does little to substantiate this claim.[7],[8] Claims of excessive sentence are not self-proving, especially where, like here, the sentence is not so obviously excessive on its face. Thus, at this point, Defendant has failed to demonstrate a substantial question exists.

Nevertheless, we will continue our analysis of Defendant's sentencing claim, in the event the claim is ultimately heard by the Superior Court on its merits.

## II.  Merits of Defendant's Claim

Once a defendant has proven entitlement to appellate review, the following standard of review shall apply:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill-will, or arrived at a manifestly unreasonable decision.

---

[7] Relevantly, in Commonwealth v. Ousley, the Superior Court held that the defendant's statement that "the sentence exceeds the guidelines and the conclusion...that the sentence 'is not specifically tailored to the nature of the offense, the ends of justice and society and the rehabilitative needs of the [defendant],'" does not raise a substantial question, as the defendant failed to advise the court of what the applicable guideline range is and has not articulated any facts to support his claim that the sentence was not appropriately tailored to the relevant considerations. 573 A.2d 599, 601 (Pa. Super. 1990).

[8] We also note that from Defendant's Concise Statement, it does not appear he is claiming the Court failed to consider the Section 9721(b) factors in imposing sentence. We acknowledge that such a claim would typically be deemed to present a substantial question. See Commonwealth v. Derry, 150 A.3d 987, 992 (Pa. Super. 2016).

7

Commonwealth v. Derry, 150 A.3d 987, 991 (Pa. Super. 2016). Moreover, "when a trial court imposes a sentence that is within the statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." Mouzon, 812 A.2d at 624–25 (internal quotations omitted).[9] Here, Defendant does not argue that his sentence is outside the statutory maximum; instead, he contends that the sentence is manifestly excessive given the relevant sentencing factors that must be considered.

We acknowledge that appellate courts have found an abuse of discretion "when the sentencing court fails to give 'careful consideration to all relevant factors in sentencing [a defendant].'" Parlante, 823 A.2d at 930 (*quoting* Sierra, 752 A.2d at 913). In determining the appropriate sentence, the sentencing court "is required to consider the particular circumstances of the offense and the character of the defendant." Id. (internal quotations omitted)(quoting Commonwealth v. McClendon, 589 A.2d 706 (Pa. Super. 1991)(*en banc*)). The law is clear, "the sentencing court must consider the factors set out in 42 Pa.C.S.A. §9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. [A]nd, of course, the court

---

[9] "In determining whether a sentence is manifestly excessive, 'the appellate court must give great weight to the sentencing judge's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.'" Commonwealth v. Andrews, 720 A.2d 764, 768 (Pa. Super. 1998)(*quoting* Commonwealth v. Ellis, 700 A.2d 948, 958 (Pa. Super. 1997)(internal citations omitted)).

must consider the sentencing guidelines." <u>Commonwealth v. Fullin</u>, 892 A.2d 843, 847–48 (Pa. Super. 2006)(internal quotations and citation omitted).

Similarly, a court imposing sentence "shall make part of the record, and disclose in open court during sentencing, a statement of the reasons for the sentence." <u>Feucht</u>, 955 A.2d at 383. However, the law does not require that the Court "parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b)." <u>Id.</u>; <u>see also</u> <u>Commonwealth v. Hallock</u>, 603 A.2d 612, 616 (Pa. Super. 1992)("[T]he fact that the sentencing court did not state expressly that it considered each of these factors does not warrant reversal.").

Here, we carefully considered the relevant factors and sentenced Defendant within the standard range of the sentencing guidelines. Prior to sentencing, we presided over Defendant's nolo contendere plea hearing, where Defendant expressly agreed to an open plea pursuant to an agreement with the Commonwealth; the standard range and maximum penalty for the pled-to charge were explicitly set forth on the plea agreement form, which Defendant initialed at the time of entry of the plea, indicating his acknowledgment. We also previously presided over Defendant's pre-trial hearings, where we had the opportunity to view a number of relevant photographs depicting the injuries caused by Defendant; as we stated at sentencing, the pictures made a lasting impression on the Court. At the

sentencing hearing itself, we heard argument from counsel for Defendant, as well as a statement by Defendant himself.

We also heard from Shawna Day, the victim of Defendant's crime. She told the Court that the incident with Defendant has completely impacted her life, explaining that her anxiety has reached an all-time high to the point where she has trouble going out in public and has lost jobs because of it, that her two children have been significantly affected by the incident, that she has moved a few times because she is too afraid to stay in that area, and that she is still dealing with resulting health issues and has needed to continue receiving medical treatment.

Finally, prior to sentencing, we reviewed the Probation Department's full Pre-Sentence Investigation (PSI) report for this case.

Significantly, the Superior Court has stated:

> where a pre-sentence report exists, we must presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself...we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a

10

court is in possession of the facts, it will fail to apply them to the case at hand.

Hallock, 603 A.2d at 616 (*quoting* Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)). "Since the sentencing court in this case did have a pre-sentence report, we must presume that it did consider the factors outlined by appellant..." Hallock, 603 A.2d at 616. Here, not only did we have a PSI available, but we also provided a meaningful explanation of our considerations at the time of sentencing.

At Defendant's sentencing proceeding, we were made aware of and considered the relevant behavior and character of Defendant. During Defendant's statement to the Court, he expressed that he was sorry for what happened to Ms. Day, that he never wanted to hurt her, and that he took the plea to save her more suffering through the court system. Further, counsel for Defendant explained that at Defendant's previous court appearances, Defendant had such a difficult time describing what happened because he blacked out during part of the incident and does not remember those parts. Counsel claimed this resulted from Defendant breaking out a window during the incident and suffering a severe laceration to his hand and wrist which caused a significant loss of blood and led Defendant to be catatonic and unresponsive for a significant period of time.

We then inquired of Defendant as follows:

[THE COURT]: All right. When I look at your version of events on— it's listed on page two of the Pre-Sentence Investigation Report you indicate—well, after discussing your rocky relationship and the acts of

11

violence committed against you by Ms. Day, you then suggest that you don't know where this knife came from. The only thing you remember is being in handcuffs and going in and out of consciousness due to blood loss. You cut your left hand and received three stitches.

So, this severe laceration that resulted in significant blood loss and your blacking out required only three stitches to repair.

[DEFENDANT]: That's what I was told, yes, ma'am.

[THE COURT]: And you were in York Hospital for a day?

[DEFENDANT]: To my knowledge, yes, ma'am.

[THE COURT]: What I haven't heard from you, and probably the reason why your plea was no contest and not guilty, is I'm hearing remorse at the suffering for Ms. Day, but I'm not hearing an acceptance of responsibility that it is your fault.

[DEFENDANT]: Your Honor, with all due respect, with this court system...

[THE COURT]: You keep saying that.

[DEFENDANT]: I take full responsibility of what I did, and I was wrong for that, and I'm sorry for what I did. There is nothing I can say or do to take that back.

[THE COURT]: So what you did was what?

[DEFENDANT]: It was wrong.

[THE COURT]: What you did was what? What did you do?

[DEFENDANT]: I tried to kill Ms. Day. It was wrong.

[THE COURT]: How did you try to kill her?

12

[DEFENDANT]: That I couldn't tell you. What I was told was I used a knife. That's the only thing I know because I blacked out, Your Honor.

[THE COURT]: Okay. Thank you. Well, [] I have had the opportunity, of course, to hear everything that you heard here today.

Transcript of Proceedings of Sentencing, November 3, 2021 ("T.P., 11/3/2021"), at 11-13. Based upon the foregoing, it is clear that we made an effort to be fully informed regarding Defendant's character and attitude, keeping in mind that as the sentencing court, we are "in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." Hallock, 603 A.2d at 617 (citing Commonwealth v. Fries, 523 A.2d 1134 (Pa. Super. 1987)).

We also addressed Defendant's rehabilitative needs. Counsel informed the Court that he discussed obtaining a mental health evaluation with Defendant, but Defendant did not want to do so prior to sentencing, as it would most likely prolong his case. In imposing sentence, we stated that we agree with counsel that Defendant's mental health is something that needs to be reviewed, and, accordingly, imposed mental health evaluation and treatment as a condition of Defendant's sentence. We further ordered a drug and alcohol assessment and any recommended treatment and periodic testing, in addition to a domestic violence treatment requirement.

13

Moreover, we weighed any mitigating factors against the nature and seriousness of Defendant's conduct and its impact on the victim and others. We explained:

> I know that Ms. Day was not responsive to the Probation Department, but she did appear here today, and I heard her comments and I understand that this event had a profound, and has continued to have, a profound impact on her life, her mental health, her physical health, her feeling of safety, her feeling of well-being at her home, at her work, and this incident has affected the lives of her children who feel now the need, understandably so, to be her protectors or her guardians, perhaps. So this event had a profound impact on many lives, not just Ms. Day['s] physical health.
>
> I understand that you are now accepting responsibility in demonstrating some level of remorse, and I do appreciate that, and that's probably the reason why I am not going to impose a sentence of 20 years to 40 years, which is arguably what I think you deserve. So what I am going to do is imprison you in the State Correctional Institution for a period of 18 years to 36 years because that is what I believe is appropriate…This sentence recognizes that Ms. Day nearly died and at your hands.

T.P., 11/3/2021, at 14-15. These comments demonstrate that we did not merely pay lip service to the relevant considerations. Instead, we carefully considered all of the information before us and imposed a sentence that reflected that information.

14

Lastly, we imposed a sentence within the guideline range.[10] We explained that Defendant's conviction is a felony of the first degree, with an offense gravity score of 14. We further noted that based upon a prior conviction for rape in Kentucky, Defendant has a prior record score of 4. We accurately recited the standard range (168 to 240 months) and mitigated range (156 months) of the offense, and ultimately sentenced Defendant to 18 to 36 years' incarceration, or 216 to 432 months. This was consistent with the plea agreement, which set forth the standard range. Further, the Court "did not impose [an] impermissibly excessive maximum sentence[], as [it is] within the maximum term[] provided by the statutes of our Commonwealth." Boyer, 856 A.2d at 154. Additionally, there is no indication of any bias, partiality, prejudice, or ill-will on the part of the Court.

In the present case, we carefully considered the appropriate factors and imposed a sentence in the standard guideline range. Accordingly, we find that Defendant's sentencing claim does not entitle him to relief on appeal. See Mouzon, 812 A.2d at 620 ("Traditionally, the trial court is afforded broad discretion in sentencing criminal defendants because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based

---

[10] "This is true because the sentencing guidelines provide for minimum and not maximum sentences." See Commonwealth v. Boyer, 856 A.2d 149, 153 (Pa. Super. 2004).

15

upon an evaluation of the individual circumstances before it.")(internal citations omitted).

## CONCLUSION

Ultimately, this Court finds Defendant's appeal to be without merit and respectfully requests that the Superior Court affirm the judgment of sentence imposed on November 3, 2021.

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action – Law |
| | : | |
| | : | |
| v. | : | No. 1460-2019 |
| | : | |
| Ashley Davis, | : | |
| Defendant | : | Honorable Angela R. Krom, J. |

## ORDER OF COURT

AND NOW, this ⊥⊥ᵗʰ day of January, 2022, pursuant to Pa.R.A.P. 1931(c),

IT IS HEREBY ORDERED that the Clerk of Courts shall promptly transmit to the Prothonotary of the Superior Court the record in this matter along with the attached Opinion *sur* Pa.R.A.P. 1925(a).

*Pursuant to the requirements of Pa.R.Crim.P. Rule 114, the Clerk of Courts shall immediately docket this Order and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Order, by mail or personal delivery, to each party and attorney, and shall record in the docket the time and manner thereof.*

By the Court,

_____
Angela R. Krom, J.

Distribution:
Franklin County District Attorney
Kevin Taccino, Esq., Counsel for Defendant