**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Branden ZURBURG, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 2007.

Filed Dec. 3, 2007.

---

William M. Shreve, Harrisburg, for appellant.

Christopher A. Dreisbach, Asst. Dist. Atty., Harrisburg, for Com., appellee.

BEFORE: LALLY–GREEN, DANIELS and TAMILIA, JJ.

OPINION BY DANIELS, J.:

¶ 1 This is an appeal from a judgment of sentence of nine to forty years of imprisonment, following Appellant's conviction of

multiple sex crimes involving minors. For the following reasons, we affirm.

## FACTS AND PROCEDURAL STANCE

¶ 2 On January 15, 2004, following a jury trial, Appellant was convicted on fourteen counts of criminal solicitation with the intent to commit two counts each of rape, statutory sexual assault, involuntary deviate sexual intercourse (IDSI), aggravated indecent assault, indecent assault, indecent exposure, and corruption of minors. The underlying charges arose as a result of Appellant's response to an internet advertisement inviting sexual contact with prepubescent children. The advertisement was part of a sting operation aimed at apprehending persons, such as Appellant, who were seeking to have sexual contact with children.

¶ 3 Through e-mails, Appellant indicated that he wanted to engage in sexual relations with the children being advertised by a "father" [1] who engaged in "family fun" sessions with his twelve year old daughter, his nine year old daughter, and his seven year old son. An e-mail exchange occurred wherein Appellant inquired about pictures of the children and expressed a desire to engage in various sex acts with the two "daughters". A meeting was arranged for March 27, 2001 between Appellant and the "father" at a Best Western hotel. When the meeting occurred and Appellant expressed his interest in having sexual contact with the children, he was arrested. Trial Court Opinion, at 1. Following his arrest, Appellant provided a confession regarding his intentions and conduct in the matter.

¶ 4 On January 12, 2004, Appellant's motion to suppress his confession was denied in a pre-trial hearing; trial began on January 13, 2004, and, on January 15, 2004, Appellant was convicted on all fourteen counts of criminal solicitation. On February 5, 2004, Appellant was sentenced to an aggregate imprisonment term of between nine and forty years.[2] His post-sentence motion to modify sentence, filed on February 17, 2004, was denied on March 5, 2004 by the trial court.

¶ 5 Appellant then appealed that denial to this Court. We affirmed the judgment of sentence in an unpublished Memorandum, dated February 4, 2005, in *Commonwealth v. Zurburg*, No. 535 MDA 2004, Unpublished Memorandum, 873 A.2d 774 (Pa.Super. filed Feb. 4, 2005). In that appeal, Appellant contended that those defendants charged with similar crimes stemming from that same sting operation, who opted to go to trial, were generally sentenced to far greater terms of imprisonment than those defendants who pleaded guilty. *Id.* at 5. We concluded, initially, that Appellant had raised a substantial question as to whether the sentence imposed was contrary to the fundamental norms that underlie the sentencing process. *Id.* at 6. Ultimately, we held that Appellant's failure to append a comparative analysis-of his sentence to the sentences imposed upon other similarly situated defendants-to his motion to modify sentence constituted a waiver of that issue

---

1. The "father", being a detective of the Pennsylvania Attorney General's Office Child Exploitation Unit, was running this particular sting operation. Trial Court Opinion, p. 1.

2. Appellant was sentenced to serve the following terms of imprisonment consecutively: two counts of criminal solicitation of rape, between four years and fifteen years each, plus two counts of criminal solicitation of corruption of a minor, between six months and five years each, for a total aggregate sentence of nine to forty years. The sentences on the remaining ten counts are to be served concurrently with each other and with the aforementioned consecutive sentences and, therefore, do not affect the ultimate accounting.

for purposes of the appeal. *Id.* at 7. The Supreme Court denied Appellant's Petition for Allowance of Appeal in an order dated July 28, 2005. *Commonwealth v. Zurburg,* 583 Pa. 700, 879 A.2d 1258 (2005).

¶ 6 On February 27, 2006, Appellant filed a *pro se* post-conviction PCRA petition. Counsel was appointed, and on June 26, 2006 Appellant filed a motion to reinstate his direct appeal rights *nunc pro tunc,* alleging ineffectiveness of counsel for failure to preserve issues for appeal in that, as we held, Appellant's original motion to modify sentence lacked supporting information or a comparative analysis. Appellant's motion was granted by the lower court on October 10, 2006. *See., e.g. Commonwealth v. Halley,* 582 Pa. 164, 870 A.2d 795 (2005). Thereafter, on October 20, 2006, Appellant filed a new Motion to Modify Sentence, pursuant to Rule 720 of the Pennsylvania Rules of Criminal Procedure.

¶ 7 In that Motion, Appellant argued that the sentence imposed upon him failed to account for his rehabilitative needs and his prior conviction record score of "zero". The motion included references to sixteen similar cases and alleged that individuals electing to exercise their right to a jury trial, such as Appellant, were sentenced to terms of incarceration that amounted to three or four times the average aggregate sentences imposed upon individuals who entered guilty pleas. As such, Appellant argued that "[e]xcessive punishment of individuals exercising their right to a jury trial contradicts the rights guaranteed by both the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution." Appellant's Motion to Modify Sentence, 10/20/06. The Commonwealth's response emphasized the discretionary aspects of sentencing and noted that the sentence imposed upon Appellant, including the decision to run the sentences for Appellant's four most serious convictions consecutively, rather than concurrently, was within the aggravated or higher end of the range provided for in the Sentencing Guidelines.

¶ 8 In an order dated December 28, 2006, Appellant's Motion to Modify Sentence was denied. After Appellant and the Commonwealth filed their briefs with this Court on the merits, the lower court issued a memorandum opinion, dated August 6, 2007, which was supplemented as part of the record in this Appeal. In that opinion, the lower court noted that Appellant's initial motion to modify sentence, filed on February 17, 2004, was untimely by one day. Specifically, Appellant was sentenced on February 5, 2004. He had ten (10) days from that date within which to timely object to the sentence, which period of time would have expired on February 15, 2004. However, because of an intervening Sunday, the lower court concluded that Appellant's motion was due on Monday, February 16, 2004. Thus, according to the lower court, on February 17, 2004, Appellant's filing was one day too late. We note, however, that February 16, 2004 was the observance of President's Day, on which date the courts of this Commonwealth were closed. Consequently, Appellant's filing of his motion on Tuesday, February 17, 2004, was proper and not untimely, contrary to the lower court's determination. Thus, we reach the merits of this Appeal in which Appellant has presented the following questions for review:

  1. Whether the trial court erred in sentencing Mr. Zurburg to nine (9) to forty (40) years where said sentence does not reflect Mr. Zurburg's rehabilitative needs and is not necessary to protect the community, and therefore violates the fundamental norms of the sentencing process?

2. Whether it was a violation of Mr. Zurburg's constitutional right against cruel and unusual punishment where Mr. Zurburg's sentence was grossly disproportionate to the sentence of others convicted of the same offense who did not exercise their right to a trial by jury?

### DISCUSSION

■ ¶ 9 Our standard of review is as follows:

This Court may only reach the merits of an appeal challenging the discretionary aspects of sentence "where it appears that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Eby*, 784 A.2d 204, 205–06 (Pa.Super.2001) (Citations Omitted).

■ ¶ 10 If an appellant raises a substantial question as to the appropriateness of a sentence, our scope of review has been defined as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) (Citations Omitted).

■ ¶ 11 We note also that "when reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Hanson*, 856 A.2d 1254, 1260 (Pa.Super.2004) (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super.1999)).

¶ 12 We conclude at the outset that Appellant has raised a substantial question as to the appropriateness of the term of his sentence. In doing so, we refer to and adopt the conclusion of this Court in its February 4, 2005 Unpublished Memorandum in this matter, as referenced above. As such, we shall now analyze whether the lower court abused its discretion in imposing Appellant's sentence in this matter— an aggregate term of nine to forty years of imprisonment.

■ ¶ 13 Appellant's first assignment of error focuses on the particular facts of this specific case and incorporates the issues raised in his motion to modify sentence in the court below. Appellant suggests that his sentence is manifestly unreasonable because it fails to account for his rehabilitative needs, "the good [he] has accomplished in his life", his lack of a prior record, and the fact that it is not necessary to protect the community. This last point, presumably, deals with the fact that the "victims" here were only "fictitious" children created as part of the sting operation, and not "real" children. Appellant's Brief, at 17.

¶ 14 The Commonwealth responds that Appellant has failed to demonstrate that the sentence imposed upon him exhibits a manifest abuse of discretion on the part of the lower court. Commonwealth's Brief, at 8. The Commonwealth relies upon state-

ments made by the lower court at the sentencing proceedings and argues that such statements clearly reveal that the lower court balanced, as it was required to do, the competing concerns involved in sentencing:

> We must not only look to the rehabilitative needs of the defendant and assess the appropriate penalties to be imposed as you would in any case. Not only are the charges here heinous in nature, but a bit chilling, quite frankly. They also represent a concern the Court has for protection of society and the community at large.

N.T. Sentencing, 2/5/04, at 11.

¶ 15 Thus, the Commonwealth argues that the lower court considered all of the pertinent information and concerns that it was required to consider in imposing this sentence, and that it did not abuse its discretion in doing so. In its opinion of August 6, 2007, the lower court elaborates upon the notes of testimony and explains that the sentence was based upon (1) the egregious nature of the Appellant's actions in soliciting the children, (2) the heinous nature of the crimes, (3) a consideration of Appellant's psychological background and concern for his mental state, and (4) the need to protect society and the community at large. Lower Court Opinion, at 2–4. We agree and conclude that Appellant has not shown that the lower court abused its discretion in crafting the particular individual sentence that was imposed upon Appellant. Appellant's first assignment of error is, therefore, without merit.[3]

▉ ¶ 16 Appellant's second assignment of error, which raises points similar to those raised in his motion to modify sentence, lodges a "macro" argument, armed with statistics allegedly indicating that defendants who opt for a trial on these type of charges, as did Appellant, have been unfairly subjected to far lengthier terms of imprisonment (three to four times as long) than those defendants who opt to plead guilty. Appellant's Brief, at 22. Appellant contends that such sentencing violates both the protection of the Eighth Amendment of the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution against "cruel and unusual punishment" and "cruel punishment", respectively. Appellant urges this Court to fashion a "comparative review" approach by comparing the sentence Appellant received with those sentences imposed upon other similarly situated defendants who were apprehended in the same sting operation. Appellant's Brief, at 18–19. The Commonwealth responds that Appellant "simply is incorrect that Eighth Amendment jurisprudence requires, or even allows, a finding of disproportional treatment based upon a statistical analysis of his sentence compared to other sentences imposed for similar crimes." Commonwealth's Brief, at 11. In that connection, the Commonwealth relies upon our decision in *Commonwealth v. Spells*, 417 Pa.Super. 233, 612 A.2d 458 (1992) (discussing *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)). In *Spells*, we noted the following language from *Harmelin*:

> *Solem* is best understood as holding that comparative analysis within and be-

---

**3.** As referenced in fn. 2, *supra*, the trial court directed that the sentences for ten of the fourteen total counts be served concurrently, both with each other and with the consecutive sentences on the four most egregious counts. Had the court required all sentences to be served consecutively, the aggregate term of imprisonment would have been from twenty-one and one-half to sixty-five years, rather than the nine to forty years that the court actually imposed.

tween jurisdictions is not always relevant to proportionality review. The [*Solem*] Court stated that "it may be helpful to compare sentences imposed on other criminals in the same jurisdiction," and that "courts find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions." It did not mandate such inquiries.

A better reading of our cases leads to the conclusion that intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.

The proper role for comparative analysis of sentences, then, is to validate an initial judgment that a sentence is grossly disproportionate to a crime.

*Spells,* 612 A.2d at 463 (quoting Justice Kennedy's concurrence in *Harmelin,* 501 U.S. at 1005, 111 S.Ct. 2680) (Internal Citations and Ellipses Omitted).

¶ 17 Relying upon *Harmelin's* threshold admonition, we conclude that Appellant here has not shown a gross disproportionality between the sentence that he received and the crimes of which he was convicted. Clearly, our analysis regarding Appellant's first assignment of error and our sanctioning the basis for the lower court's sentence of nine to forty years of imprisonment is dispositive of that issue, as well.[4] Thus, Appellant's second assignment of error is also without merit. Accordingly, the judgment of sentence is hereby affirmed.

¶ 18 Judgment of Sentence affirmed.

---

4. *See* N.T. Sentencing, 2/5/04 at 11; *see also*   fn. 3, *supra.*