J-S32019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRANDEN ZURBURG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK WHAL AND DAUPHIN COUNTY | : | No. 1596 MDA 2024 |
| DISTRICT ATTORNEY OFFICE | : | |

Appeal from the Order Entered August 23, 2024
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2024-CV-05471

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:       **FILED: OCTOBER 29, 2025**

Branden Zurburg appeals *pro se* from the order denying his "Petition for Writ of Mandamus." The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. For the reasons that follow, we affirm.

Previously, this Court summarized the pertinent facts and prolonged procedural history as follows:

On January 15, 2004, following a jury trial, [Zurburg] was convicted on fourteen counts of criminal solicitation with the intent to commit two counts each of rape [and related sex offenses]. The underlying charges arose as a result of [Zurburg's] response to an internet advertisement inviting sexual contact with pre-pubescent children. The advertisement was part of a sting

---

[*] Former Justice specially assigned to the Superior Court.

operation aimed at apprehending persons, such as [Zurburg], who were seeking to have sexual contact with children.

Through e-mails, [Zurburg] indicated that he wanted to engage in sexual relations with the children being advertised by a "father" who engaged in "family fun" sessions with his twelve year old daughter, his nine year old daughter, and his seven year old son. [The "father" was actually a detective of the Pennsylvania Attorney General's Office Child Exploitation Unit who was running this particular sting operation.] An e-mail exchange occurred wherein [Zurburg] inquired about pictures of the children and expressed a desire to engage in various sex acts with the two "daughters." A meeting was arranged for March 27, 2001, between [Zurburg] and the "father" at a Best Western hotel. When the meeting occurred and [Zurburg] expressed his interest in having sexual contact with the children, he was arrested. Following his arrest, [Zurburg] provided a confession regarding his intentions and conduct in the matter.

On January 12, 2004, [Zurburg's] motion to suppress his confession was denied in a pre-trial hearing; trial began on January 13, 2004, and, on January 15, 2004, [Zurburg] was convicted on all fourteen counts of criminal solicitation. On February 5, 2004, [Zurburg] was sentenced to an aggregate imprisonment term of between nine and forty years. [On March 5, 2004, the trial court denied his post-sentence motion to modify sentence.]

*Commonwealth v. Zurburg*, 937 A.2d 1131, 1133 (Pa. Super. 2007) (footnotes and citation omitted).

Zurburg filed an appeal to this Court in which he challenged the discretionary aspects of his sentence. He contended that other defendants charged with similar crimes stemming from the same sting operation, who opted to go to trial, received far greater sentences than those defendants who pled guilty. Finding that Zurburg's sentencing claim was waived, we affirmed his judgment of sentence on February 5, 2005. *Commonwealth v. Zurburg*, 873 A.2d 774 (Pa. Super. 2005) (non-precedential decision). On July 28,

2005, our Supreme Court denied Zurburg's petition for allowance of appeal. **Commonwealth v. Zurburg**, 879 A.2d 1258 (Pa. 2005).

On February 27, 2006, Zurburg filed a *pro se* petition pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46. The PCRA court appointed counsel, and, on June 26, 2006, PCRA counsel filed a motion to reinstate Zurburg's appellate rights because the only issue raised by appellate counsel was waived. **See Commonwealth v. Halley**, 870 A.2d 795, 801 (Pa. 2005) (reiterating that counsel's ineffectiveness resulting in waiver of all claims raised on appeal, "represents the sort of actual or constructive denial of assistance of counsel that falls within the narrow category of circumstances in which prejudice is legally presumed.")

The PCRA court granted Zurburg's motion, and Zurburg filed an appeal to this Court in which he again challenged the discretionary aspects of his sentence. Finding no merit to his claims, we affirmed Zurburg's judgment of sentence on December 3, 2007. **Zurburg**, 937 A.2d at 1137. On May 20, 2008, our Supreme Court denied Zurburg's petition for allowance of appeal. **Commonwealth v. Zurburg**, 953 A.2d 542 (Pa. 2008).

On April 8, 2009, Zurburg filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. On September 18, 2009, PCRA counsel filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 953 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's petition to withdraw, and, thereafter, denied Zurburg's petition. Zurburg filed a *pro*

*se* appeal. On September 22, 2010, we quashed this appeal because Zurburg's notice of appeal was untimely filed and, alternatively, his defective brief failed to preserve any issue for appeal. ***Commonwealth v. Zurburg***, 13 A.3d 991 (Pa. Super. 2010)(non-precedential decision).

Over seven years later, on November 2, 2017, Zurburg filed a *pro se* "Petition to Vacate Conviction for Lack of Subject Matter Jurisdiction, Denial of Consent, and Rescission of Signatures." On February 5, 2018, the court denied the petition because it was unable to discern the issues Zurburg was attempting to raise. The court noted, however, that had it treated Zurburg's filing as a subsequent PCRA petition, the petition would be untimely and the PCRA court would lack jurisdiction. Zurburg appealed.

On November 2, 2018, this Court affirmed the denial of post-conviction relief. Although we found that the lower court should have treated the filing as a second PCRA petition, we agreed that it was untimely filed. ***Commonwealth v. Zurburg***, 201 A.3d 817 (Pa. Super. 2018) (non-precedential decision).

Almost six years later, on August 15, 2024, Zurburg filed the instant "Petition for Writ of Habeas Corpus Ad Subjiciendum" with the prothonotary of the civil division of the court of common pleas in which he asserted he could pursue *habeas corpus* relief outside the parameters of the PCRA. By order entered August 23, 2024, the trial court denied the petition. In so doing, the court noted that, by filing the *habeas corpus* petition, Zurburg "has attempted to resurrect an otherwise untimely filing" when "the proper vehicle for the

averments [he] alleged . . . is a Petition for Post-Conviction Relief." Order, 8/23/24, at 1. This appeal followed. In a statement in lieu of an Appellate Rule 1925(a) opinion, the trial court stated that any issue raised on appeal is waived because Zurburg did not file a Rule 1925(b) statement although ordered to do so.

Zurburg raises the following issues on appeal:

I.      Whether the [trial court] erred in finding waiver of all of [Zurburg's] issues for failure to provide the [Prothonotary] with the timely-filed Statement of Errors, when [Zurburg] *complied* with the actual wording of the trial [court's] Rule 1925(b) Order, which directed [Zurburg] to file the Statement of Errors "upon this the Court" [sic], even [though] the [trial court] was required to comply with the mandatory language found in Pa.R.Crim.P. 576 concerning [a] pro se defendant?

II.     Because [Zurburg's] Habeas Corpus claim does not fit within the governing statutory and eligibility requirements of the PCRA, did the lower court err when treating [Zurburg's] Habeas Corpus as a [PCRA petition]?

III.    Because the Commonwealth did not establish the *mens rea* in order to charge him with criminal solicitation which is the *actus reus*, did the lower court err by treating it as a PCRA petition and subsequently dismissing it upon a finding that it was untimely filed although in his Habeas Corpus, Zurburg alleged that his due process rights were violated when the Commonwealth failed to establish the *mens rea*?

Zurburg's Brief at 4.

Initially, we note that the trial court should not have dismissed Zurburg's petition but transferred it to the criminal division of the court of common pleas. ***See*** 42 Pa.C.S.A. § 5103(c) (involving interdivisional transfers); ***Commonwealth v. Witherspoon***, 336 A.3d 986, *3 (Pa. Super. 2025) (non-

precedential decision) (finding no error in the transfer of a *habeas* petition with a civil docket number to the petitioner's underlying criminal docket).[1] Nonetheless, we treat this appeal as if the transfer was made.

The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

_____

[1] Zurburg's petition for writ of habeas corpus essentially asserts that the Commonwealth violated his "substantive and procedural due process rights" in order to convict him. Zurburg's Brief at 7. Constitutional violations are a basis for post-conviction relief. 42 Pa.C.S.A. § 9543(a)(2)(i). Thus, Zurburg's most recent filing was properly treated as a serial PCRA petition. ***See Commonwealth v. Barndt***, 74 A.3d 185, 190 n.7 (Pa. Super. 2013) (explaining that, if the claim is cognizable under the PCRA, a post-conviction motion or petition may be treated as a PCRA petition regardless of the title of the document filed).

Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Zurburg's judgment of sentence became final on August 18, 2008, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. R. 13.1. Therefore, Zurburg had until August 18, 2009, to file a timely petition. Because Zurburg filed the petition at issue nearly fifteen years later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

In his attempt to circumvent the PCRA, Zurburg has failed to plead let alone prove an exception to the PCRA's time bar. Thus, because Zurburg's petition was untimely, this Court lacks jurisdiction to consider its merits. *Derrickson, supra*; *see also Commonwealth v. Wharton*, 886 A.2d 1120, 1125 (Pa. 2005) (involving court's refusal to consider PCRA claim when the petitioner failed to acknowledge that the petition was untimely, "much less

- 7 -

attempt to raise one of the enumerated exceptions to the time bar"). We therefore affirm the PCRA court's order dismissing Zurburg's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/29/2025